ANTHONY J. DeLUCA, ESQ.
Nevada Bar No. 006952
DELUCA & ASSOCIATES
5830 W. Flamingo Road
Suite 233
Las Vegas, Nevada 89103
(702) 252-4673

E-FILED ON 11-21-2008

Attorney for Debtors

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In re: )
)    BK-S-08-15856-BAM
GOLDDYN DIMASIN )    Chapter 13
)    Trustee: Leavitt
)
)    HEARING DATE: 12-22-2008
         Debtors.    )    HEARING TIME: 3:00 PM
)

## MOTION ALLOWING DEBTOR TO MODIFY HOME MORTGAGE

COMES NOW, Debtor, Goldyn Dimasin, by and through her attorney of record, Anthony J. DeLuca, Esq, and requests that this Court allow a modification of the terms of the mortgage on her home located at 8826 First Lady Ave, Las Vegas, NV 89148.

### STATEMENT OF FACTS

1.  On June 03$^t$, 2008 Debtor filed a voluntary petition under chapter 13, Title 11 of the United States Bankruptcy Code, with a provision in her chapter 13 plan to keep her home and continue making regular mortgage payments.

2.  Debtor has obtained approval from her mortgage lender to modify the terms of her mortgage loan and reduce her monthly payments, pending approval by this Court. (See exhibit "A" attached).

////
////
////
////

1 | **Wherefore**, Debtor respectfully requests this court:

2 |       1.      Allow the modification of the mortgage loan.

3 |       3.      Any further just and equitable relief this Court deems proper under the premises.

DATED this 21th   day of November, 2008.

DELUCA & ASSOCIATES

/s/ Anthony J. Deluca

Anthony J. Deluca, Esq.
5830 W. Flamingo Rd., Ste. 233
Las Vegas, Nevada 89103
Attorney for Debtor

# Exhibit A



November 6, 2008

GOLDYN LINAYAN
JEFFREY L DIMASIN
8826 FIRST LADY AVE
LAS VEGAS, NEVADA 89148

Re:      Loan Number          3622396
Property Address:             8826 FIRST LADY AVE
                             LAS VEGAS, NEVADA 89148

Dear Customer:

We have approved a modification to your mortgage loan.  The modification agreement is
enclosed with this letter.  Please have it executed, notarized and returned to us along with the
following:

1.  Payment of **$0.00** for fees and costs related to the loan modification.  An itemized list of
    these charges is enclosed.  These funds must accompany your signed Modification
    Agreement or we will be unable to process the modification.  The executed Modification
    Agreement, payment of these charges by cashiers check, Western Union or money order
    which ever is most convenient for you by 11/20/2008.  **If all of the items listed are not
    received by 11/20/2008, the offer to modify your loan will be withdrawn.**

    **\*\*Prior to the modification being processed you must provide evidence of approval
    by the bankruptcy court\*\***

2.  Your new principal and interest payment will be **$1,215.00**; this amount as well as
    current escrow amount of **$408.90** will be due **1/1/2009**.  The total amount of your new
    payment will be **$1,419.45.** 204.45  6L/\$0

3.  Keep in mind your future total payment may change when your escrow account goes
    through escrow analysis.  Future payments maybe slightly higher.  You **must now pay**
    your escrow payments for the deferred months of **$408.90**
                                    408.90  6L/\$0
4.  **You must now pay $480.90 for your DEFERRED ESCROW payment.**

5.  *Please note that any late charges will not be waived and will still be owed.*

    *Please be advised that fees and costs quoted are *estimated*.  You will be responsible to
    reimburse MorEquity for any additional costs incurred.

You may contact Kevin Luttrull @ 1-800-628-9324 with any questions.

Sincerely,

Michael D. Williams
Manager, Default & REO

rEquity, Inc.
Box 3788 • Evansville, IN 47736-3788



A Member of American International Group, Inc.

WHEN RECORDED MAIL TO:
MorEquity, Inc.
7116 Eagle Crest Blvd
Evansville, IN 47715

MorEquity Loan # 3622396

## LOAN MODIFICATION AGREEMENT

THE LOAN MODIFICATION AGREEMENT ("MODIFICATION"), made this **7TH** day of **NOVEMBER, 2008** between **GOLDYN L LINAYAN AND JEFFREY L DIMASIN**("Borrowers") and MorEquity, Inc. ("Lender") amends and supplements the Note made by the Borrowers, dated **7/12/2005**, and secured by the **DEED OF TRUST** recorded on **7/20/2005** Document No. **20050720-0000607** in Book or Liber _____ at page(s) _____ of the records of **CLARK**County/Parrish, **NEVADA**, which covers the real and personal property described in the Security Instrument and defined therein as the property located at:

### 8826 FIRST LADY AVE, LAS VEGAS, NEVADA  89148
("Property Address")

In consideration of the mutual promises and agreement exchanged, the parties hereto, agree as follows (notwithstanding anything to the contrary contained in the Note or Deed of Trust): terms of

1. As of **1/1/2009**, the amount payable under the Note and the Deed of Trust (the "Unpaid Principal Balance") is U.S. $ **216,000.00** consisting of the amount(s) loaned to the Borrowers by the Lender and any interest capitalized to date.

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest to the order of the Lender.  Interest will be charged on the Unpaid Principal Balance at the yearly rate of **6.75**% beginning **11/30/2008**.

3. The Borrower promises to make monthly interest only payments of U.S. $**1,215.00** beginning on **1/1/2009** and continuing on the same day of each succeeding month until **9/1/2010** ("Remaining Interest Only Period").  Thereafter, Borrowers promise to make monthly payments of principal and interest of U.S. $ **TBD** beginning on **9/1/2010** and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full.  If on **8/1/2035**(the "Maturity Date") the borrower still owes amounts under the Note, as amended by this Agreement, and the Deed of Trust the borrower will pay the amounts in full as of the Maturity Date.  The Borrower will mail such payments to  **MorEquity Inc., 600 N. Royal Avenue, Evansville, IN  47715** or to such other place as the Lender may require.

4. If all or any part of the Property or any interest is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the borrower is not a natural person) without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Deed of Trust.  If the Lender

exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered and mailed within which the Borrower must pay all sums secured by the Deed of Trust. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Deed of Trust.

   5. The Borrower also will comply with all other covenants, agreements, and requirements of the Note and Deed of Trust, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Deed of Trust; however, the following terms and provisions are forever cancelled, null and void as of the date specified in paragraph No. 1 above:

   (a)  All terms and provisions of the Note and Deed of Trust (if any) providing for or implementing a change or adjustment in the rate of interest payable under the Note; and

   (b)  All terms or provisions of any adjustable rate rider or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of the Note or Deed of Trust and that contains any such terms and provisions as those referred to in (a) above.

   6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole of in part of the Note and Deed of Trust. Except as otherwise provided in this Agreement, the Note and Deed of Trust will remain unchanged and the Borrower and Lender will be bound by and comply with, all the terms and provisions thereof, as amended by this Agreement.

_11-12-08_                                        _____ (seal)
Date                                              GOLDYN L LINAYAN

_11-12-08_                                        _____ (seal)
Date                                              JEFFREY L DIMASIN

_NOEL GABATON  11/12/08_          _ARNOLD DON CANOG_
WITNESS SIGNATURE    DATE              WITNESS SIGNATURE    DATE

BEFORE ME, the undersigned authority, on this day personally appeared _JEFFREY DIMASIN AND GOLDYN DIMASIN_ known to me to be the person(s) whose name(s) is subscribed to the foregoing instrument, and acknowledged to me that the above and foregoing instrument was executed for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND and SEAL OF OFFICE, this _12_ day of _Nov._ 2008 ,

_____
      (seal)

_____
Notary Public

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
GAYLE M. RAVELING
No:05-96822-1
My Appointment Expires April 11, 2009

Lm014